UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

HIMELDA MENDEZ,
                       Plaintiff,

            -v-

OUTBACK STEAKHOUSE OF
FLORIDA, LLC,
                       Defendant.

19-CV-9858 (JPO)

OPINION AND ORDER

---------------------------------------------------------------

J. PAUL OETKEN, District Judge:

    Himelda Mendez brings suit against Outback Steakhouse of Florida, LLC, arguing that its failure to sell gift cards incorporating Braille discriminates against the blind. Outback Steakhouse has moved to dismiss the complaint, both for want of jurisdiction and for failure to state a claim. The Court determines that it has jurisdiction but that the complaint fails to state a claim. Accordingly, the motion is granted.

**I.    Background**

    The following facts are taken from the operative complaint (Dkt. No. 13 ("Compl.")) and are assumed true for purposes of this motion to dismiss.

    Plaintiff Himelda Mendez is a visually impaired and legally blind person who requires Braille to read written material. (Compl. ¶ 2.) Defendant Outback Steakhouse of Florida, LLC owns and operates restaurants in New York and elsewhere. (Compl. ¶ 26.) Outback Steakhouse sells, among other things, gift cards that do not contain Braille or any other aid for effective communication with visually impaired consumers. (Compl. ¶¶ 30, 36.) Mendez alleges that on October 21, 2019, she attempted to purchase a gift card from Outback Steakhouse but learned that no Braille gift cards were available. (Compl. ¶ 16.)

1

As a result, Mendez has filed this action on behalf of a putative class of visually impaired customers of Outback Steakhouse. Mendez argues that the failure to offer Braille gift cards discriminates against the blind. She brings claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12182 *et seq.*, as well as New York State and New York City law. The complaint seeks compensatory damages, costs, fees, and declaratory and injunctive relief. (Compl. at 24–25.) Outback Steakhouse has filed a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 16.)

## II.     Legal Standard

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it,'" including when a "plaintiff lacks constitutional standing to bring the action." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 1101, 113 (2d Cir. 2000)). "The plaintiff bears the burden of 'alleging facts that affirmatively and plausibly suggest that [she] has standing.'" *Id.* at 417 (alteration omitted) (quoting *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011).

To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if the well-pleaded factual allegations of the complaint, presumed true, permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

**III.     Discussion**

Outback Steakhouse argues both that Mendez lacks standing and that she has failed to state a claim.  The Court first assures itself of its jurisdiction, then addresses the sufficiency of the complaint.

**A.     Standing**

Standing to bring an ADA claim exists "where (1) the plaintiff allege[s] past injury under the ADA; (2) it [i]s reasonable to infer that the discriminatory treatment w[ill] continue; and (3) it [i]s reasonable to infer . . . that plaintiff intend[s] to return to the subject location."  *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013) (per curiam).  Here, Mendez has sufficiently pleaded all three desiderata.  First, she has pleaded a past injury because, according to the complaint, she requested and was denied a Braille gift card without being offered any auxillary aid.  (Compl. ¶¶ 16–17.)  That allegation makes out a cognizable injury under the ADA.  *See, e.g.*, *Dominguez v. Taco Bell Corp.*, No. 19-CV-10172, 2020 WL 3263258, at *2 (S.D.N.Y. June 17, 2020) ("A cognizable ADA injury occurs when a person encounters a barrier at a public accommodation.").[1]  Second, the general allegation that Outback Steakhouse has no plans to sell Braille gift cards, paired with the specific allegation that an employee "informed [Mendez] that [Outback Steakhouse] does not sell store gift cards containing Braille" (Compl. ¶ 16), raises the inference that the discriminatory treatment will continue.  *See Taco Bell*, 2020 WL 3263258, at *2 (holding that an "employee's alleged statement that [Defendant] does not sell

---

[1] A negative answer to the merits question — *viz.*, whether Mendez has indeed stated a claim that she has encountered a "barrier" at a "public accommodation" — cannot imperil her standing.  "[T]he absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction" unless the claim is "wholly insubstantial and frivolous."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (second quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)).  This claim is not.

3

braille gift cards" raised the inference that "the discriminatory treatment would continue"). Finally, Mendez has sufficiently pleaded an intent to return to Outback Steakhouse, as the complaint alleges that she has visited Outback Steakhouse on prior occasions and that she plans to purchase a Braille gift card, once available, and use it at an Outback Steakhouse. (Compl. ¶ 21.)

Outback Steakhouse disagrees, but its arguments lack sizzle. It argues, for example, that Mendez has not sufficiently pleaded that she "intends to visit an Outback brick-and-mortar location in the future" because, for example, she has not "indicate[d] which Outback location(s) she intends to visit in the future" or "when she intends to visit." (Dkt. No. 17 at 23.) In so arguing, Outback Steakhouse takes too narrow a view of standing's strictures. Unlike in *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), for example, where the Court demanded proof along the lines of "airline tickets to the project sites [in Egypt and Sri Lanka]" or "a date certain upon which [the plaintiffs] will [travel]," here — in a case involving the plausibility of a future visit to a popular restaurant chain — it is far more "reasonable to assume that the [plaintiffs] will be using the sites on a regular basis," *id.* at 579 (Kennedy, J., concurring in part and concurring in the judgment). That is, visits to an Outback Steakhouse (unlike visits to Sri Lanka) are not rare. As such, plane tickets are not required to raise a reasonable inference that Mendez will soon return to an Outback Steakhouse.

Mendez has established standing to bring her claims. This Court has subject matter jurisdiction.

### B. ADA Claims

Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). In other words, the ADA regulates

*access* to goods and services but not the *kind* of goods and services offered by the regulated entity. *See, e.g.*, *Taco Bell*, 2020 WL 3263258, at *4 ("The [ADA] does not require the [regulated] entity to modify the goods or services it provides."); *Dominguez v. Banana Republic, LLC*, No. 19-CV-10171, 2020 WL 1950496, at *6 (S.D.N.Y. April 23, 2020) ("[A] bookstore could not prohibit a visually impaired person from entering its store, but it need not ensure that the books it sells are available in both Braille and standard print.").[2]

Accordingly, Mendez's ADA claim fails because gift cards are a "good." "Gift cards are plainly the type of goods a business normally offers that need not be made accessible pursuant to Title III." *Taco Bell*, 2020 WL 1950496, at *6. Indeed, the case law is univocal on that point. *See id.*; *see also Thorne v. Boston Market Corp.*, No. 19-CV-9932, 2020 WL 3504178, at *8 (S.D.N.Y. June 29, 2020) ("[G]ift cards are goods sold by a public accommodation under the ADA . . . ."); *Mendez v. BG Retail LLC*, No. 19-CV-11166, 2020 WL 3318293, at *2 (S.D.N.Y. June 18, 2020) ("Defendant's gift cards are goods . . . ."); *Banana Republic*, 2020 WL 3263258, at *4 ("Plaintiff's discrimination claim fails because [Defendant]'s gift cards are goods — inventory that [Defendant] sells."). And because gift cards are goods, Outback Steakhouse "has no duty under the ADA to modify its gift cards and provide them in Braille." *BG Retail*, 2020 WL 3318293, at *2.[3]

---

[2] The statute is unambiguous. But even if it were ambiguous, the agency's interpretation of it — which confirms that "a public accommodation [is not required] to alter its inventory to include accessible or special goods that are designed for, or facilitate us by, individuals with disabilities," 28 C.F.R. § 36.307(a) — would be afforded deference, either under *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), or under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944). *Cf. Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 598 (1999) (holding that Department of Justice regulations implementing Title II of the ADA merited either *Chevron* or *Skidmore* deference).

[3] Mendez suggests that gift cards are a "service," not a "good," because they "enhance [the] customer experience provided by [Outback Steakhouse]." (Dkt. No. 21 at 17.) Even if so, Mendez's claim would still fail. The ADA "does not require provision of different goods *or*

Even for goods and services, however, the ADA requires that regulated entities "ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good [or] service . . . or would result in an undue burden."  42 U.S.C. § 12182(b)(2)(A)(iii). Accordingly, Mendez argues that the use of Braille is an "auxiliary aid[] [or] service" that is necessary to ensure equal access to gift cards for the visually impaired.  (Dkt. No. 21 at 18.) Under the applicable regulations, however, "the ultimate decision as to what measures to take rests with the public accommodation, provided that the method chosen results in effective communication."  28 C.F.R. § 36.303(c)(1)(ii); *see also Camarillo v. Carrols Corp.*, 518 F.3d 153, 157 (2d Cir. 2008) ("[R]estaurants are not necessarily required to have on hand large print menus that [Plaintiff] would be able to read . . . . [Rather,] they are required [only] to ensure that their menu options are [somehow] effectively communicated to individuals who, like [Plaintiff], are legally blind.").  Even Mendez acknowledges that "no one specific form of auxiliary aid is mandated."  (Dkt. No. 21 at 20.)  Thus, to make out a claim under this theory, Mendez must

---

*services*, just nondiscriminatory enjoyment of those that are provided."  *Taco Bell*, 2020 WL 3263258, at *4 (emphasis added) (quoting *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1115 (9th Cir. 2000)).

Separately, Mendez argues that gift cards are *themselves* a "place of public accommodation."  (Dkt. No. 21 at 17.)  This argument is similarly unavailing.  The ADA "enumerates 12 categories of 'private entities' that 'are considered public accommodations,'" *Lopez v. Jet Blue Airways*, 662 F.3d 593, 599 (2d Cir. 2011) (quoting 42 U.S.C. § 12181(7)(A)–(L)), and none of the enumerated categories "even remotely resembles a gift card," *Taco Bell*, 2020 WL 3263258, at *5.  And although places of public accommodation need not be physical spaces, *see Banana Republic*, 2020 WL 1950496, at *7, gift cards are not "places" — in any sense — where goods are offered to customers.  Rather, the gift cards themselves *are* the good offered to customers.

6

plead facts indicating that Outback Steakhouse refused her *any* means of "effective communication" with respect to its gift cards.

Given the "flexible" nature of the auxiliary aid requirement, *Boston Market*, 2020 WL 3504178, at *12, Mendez has failed to allege with plausibility that she was denied *any* legally sufficient auxiliary aid or service. Mendez pleads only one occasion when she attempted to purchase an Outback Steakhouse gift card. (Compl. ¶¶ 16–18.) On that occasion, Mendez asked only about the availability of a Braille gift card and did not ask whether Outback Steakhouse offered other auxiliary aids or services to assist the visually impaired with gift cards. (*Id.*) Nor does Mendez plead any other facts indicating that Outback Steakhouse refuses to offer any other auxiliary aid or service for its gift cards. Absent any such allegations, it does not suffice for Mendez to plead that, "[u]pon information and belief, [Outback Steakhouse] does not offer auxiliary aids with respect to the gift cards." (Compl. ¶ 19.) *See, e.g.*, *Boston Market*, 2020 WL 3504178, at *12 (dismissing complaint because plaintiff "only asked . . . about the availability of a Braille-embossed gift card" and "did not ask [about] any other auxiliary aid or service" or "t[a]k[e] *any* other steps to find out what auxiliary aids or services Defendant might offer"); *BG Retail*, 2020 WL 3318293, at *2 (same); *Taco Bell*, 2020 WL 3263258, at *6 (same); *Banana Republic*, 2020 WL 1950496 ("[Plaintiff] knows nothing about the range of auxiliary aids and services [Defendant] offers the visually impaired. [Plaintiff] asked only about Braille gift cards and learned only that [Defendant] does not sell accessible gift cards.").

Absent facts that give rise to the plausible inference that Outback Steakhouse did not offer *any* legally sufficient auxiliary aids for its gift cards, Mendez's ADA claim fails. Accordingly, Mendez's ADA claim is dismissed.

### C. Other Claims

Because Mendez's federal claims are dismissed, the Court declines supplemental jurisdiction over her remaining state and city claims. *See* 28 U.S.C. § 1367(c)(3). The Supreme Court has instructed that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Thus, pursuant to § 1367(c)(3), the Court declines jurisdiction over the remaining state-law claims.

### D. Leave to Amend

In the alternative, Mendez requests leave to amend. Leave to amend should be granted when justice so requires. Fed. R. Civ. P. 15(a). "[W]here the plaintiff is unable to demonstrate that [s]he would be able to amend [her] complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *Hayden v. Cty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999). Accordingly, Mendez — if she still wishes to amend her complaint — is directed to file a letter motion explaining how a second amended complaint would state a claim consistent with this Opinion and Order. The letter must identify additional facts indicating that Outback Steakhouse failed to provide auxiliary aids or services ensuring effective communication of the information on its gift cards to blind persons. Mendez is further directed to append to the letter a draft of the proposed second amended complaint indicating the changes from the current operative complaint. Mendez is directed to file the letter motion on or before August 13, 2020.

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss for failure to state a claim is GRANTED.

Plaintiff may file a letter motion requesting leave to file a second amended complaint, provided that she does so on or before August 13, 2020.  If she chooses not to seek leave to amend, she is directed to so indicate in a letter filed by the same date.  If Plaintiff chooses not to amend, or does not file a letter within the indicated time limit, the Court will enter final judgment and direct the Clerk of Court to close this case, permitting an appeal.

The Clerk of Court is directed to close the motion at Docket Number 16.

SO ORDERED.

Dated: July 23, 2020
       New York, New York

_____
J. PAUL OETKEN
United States District Judge